Matthew P. Minser, Esq. (SBN 296344)
Luz E. Mendoza, Esq. (SBN 303387)
SALTZMAN & JOHNSON LAW CORPORATION
5100-B1 Clayton Road, Suite 373
Concord, CA 94521
Telephone: (510) 906-4710
Email: mminser@sjlawcorp.com
Email: lmendoza@sjlawcorp.com

Attorneys for Plaintiffs, Operating Engineers
Health and Welfare Trust Fund for Northern California, et al.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| OPERATING ENGINEERS' HEALTH AND WELFARE TRUST FUND FOR NORTHERN CALIFORNIA, et al., <br><br> Plaintiffs, <br><br> v. <br><br> DOC'S MOBILE SERVICE, a California Partnership; TODD JOHNSON, an Individual, and as a Qualifying Partner of Defendant Doc's Mobile Service; CARL ALAN JOHNSON, JR., an Individual, and as a Qualifying Partner of Defendant Doc's Mobile Service; and CONNIE BERNIECE JOHNSON, an Individual, and as a General Partner of Defendant Doc's Mobile Service, <br><br> Defendants. | Case No. 3:22-cv-03537- TLT <br><br> **JUDGMENT PURSUANT TO STIPULATION** |

IT IS HEREBY STIPULATED and AGREED (the "Stipulation") by and between the parties hereto that Judgment shall be entered in the within action in favor of Plaintiffs Operating Engineers' Health and Welfare Trust Fund for Northern California, et al. ("Plaintiffs" or "Trust Funds") and against Defendant Doc's Mobile Service, a California Partnership, and Todd Johnson, an individual and as Qualifying Partner of Defendant Doc's Mobile Service (collectively "Defendants"), as follows:

1

1.      Defendant Doc's Mobile Service is signatory to and bound by the terms of a Collective Bargaining Agreement(s) ("Bargaining Agreement") with the Operating Engineers Local 3 Union ("Union"). The Bargaining Agreement is still in full force and effect.

2.      Todd Johnson confirms that he is authorized to enter into this Stipulation on behalf of Defendant Doc's Mobile Service, as a Qualifying Partner of Doc's Mobile Service.

3.      Todd Johnson ("Guarantor"), as the qualifying partner of Defendant Doc's Mobile Service, also confirms that he is personally guaranteeing the amounts due pursuant to the terms of this Stipulation. Defendants/Guarantor specifically consent to the Court's jurisdiction, as well as the use of a Magistrate Judge for all proceedings, including entry of judgment herein. Defendants/Guarantor further confirm that all successors in interest, assignees, and affiliated entities (including, but not limited to, parent or other controlling companies), and any companies with which any Defendant joins or merges, if any, shall also be bound by the terms of this Stipulation as Guarantors. This shall include any additional entities in which Defendants/Guarantor are officers, owners or possess any controlling ownership interest. All such entities shall specifically consent to the Court's jurisdiction, the use of a Magistrate Judge for all proceedings, and all other terms herein, in writing, at the time of any assignment, affiliation or purchase, and if they do not, shall nevertheless be bound to the terms of this Stipulation.

//
//
//
//
//
//
//
//
//
//
//

4. Defendants are currently indebted to the Trust Funds as follows:

| Work Month | Reported Contributions | Unpaid Contribution Balances | 20% Liquidated Damages | 10% Interest (through 02/08/23) | Total |
|---|---|---|---|---|---|
| Jun-21 | $15,134.97 | $0.00 | $746.47 | $442.68 | $1,189.15 |
| Jul-21 | $10,971.70 | $10,971.70 | $3,397.36 | $1,601.32 | $15,970.38 |
| Aug-21 | $18,391.68 | $18,391.68 | $4,040.75 | $2,525.04 | $24,957.47 |
| Sep-21 | $12,644.28 | $12,644.28 | $3,244.08 | $1,629.66 | $17,518.02 |
| Oct-21 | $15,629.77 | $15,629.77 | $4,080.69 | $1,883.20 | $21,593.66 |
| Nov-21 | $23,085.46 | $23,085.46 | $2,308.55 | $2,591.20 | $27,985.21 |
| Dec-21 | $24,857.54 | $24,857.54 | $2,485.77 | $2,580.99 | $29,924.30 |
| Jan-22 | $12,835.93 | $12,835.93 | $1,283.60 | $1,224.96 | $15,344.49 |
| Feb-22 | $16,348.16 | $16,348.16 | $3,269.63 | $1,433.60 | $21,051.39 |
| Mar-22 | $20,115.97 | $20,115.97 | $4,023.19 | $1,592.39 | $25,731.55 |
| Apr-22 | $22,063.70 | $22,063.70 | $4,412.74 | $1,564.36 | $28,040.80 |
| May-22 | $24,554.24 | $24,554.24 | $4,910.85 | $1,534.44 | $30,999.53 |
| Jul-22 | $28,033.27 | $28,033.27 | $5,606.65 | $1,282.56 | $34,922.48 |
| Aug-22 | $22,272.79 | $22,272.79 | $4,454.56 | $829.60 | $27,556.95 |
| Sep-22 | $21,143.63 | $21,143.63 | $4,228.73 | $613.74 | $25,986.10 |
| Oct-22 | $17,559.67 | $17,559.67 | $3,511.93 | $360.75 | $21,432.35 |
| Nov-22 | $12,061.03 | $12,061.03 | $2,412.21 | $148.50 | $14,621.74 |
| Dec-22 | $12,437.40 | $12,437.40 | $2,487.48 | $47.74 | $14,972.62 |
| Jan-23 | $2,487.48 | $2,487.48 | $497.50 | $0.00 | $2,984.98 |
| *Subtotals*: | | $317,493.70 | $61,402.74 | $23,886.73 | $402,783.17 |
| **Subtotal (Contributions, Liquidated Damages, and Interest):** | | | | | **$402,783.17** |
| 10% Liquidated Damages on Prior Late-Paid Contributions for 12/20, 1/21, 4/21, 5/21, and 6/21: | | | | | $4,132.50 |
| 10% Interest on Prior Late-Paid Contributions for 12/20, 1/21, 4/21, 5/21, and 6/21): | | | | | $271.11 |
| **Subtotal (Liquidated Damages on Paid Late Contributions Prior to Litigation):** | | | | | **$4,403.61** |
| Attorneys' Fees (3/22/22-1/31/23): | | | | | $12,237.00 |
| Costs (3/22/22-1/31/23): | | | | | $1,089.12 |
| **Subtotal (Attorneys' Fees and Costs):** | | | | | **$13,326.12** |
| **TOTAL JUDGMENT:** | | | | | **$420,512.90** |

### REQUIREMENTS UNDER THE TERMS OF THIS STIPULATION

5. **Notice requirements** pursuant to the terms of this Stipulation are as follows:

a) Notices to Defendant: Doc's Mobile Service, c/o Todd Johnson, 65 Spruce Street, Eureka, CA 95503; email: todd@docsmobile.com

b) Notices to Plaintiffs: Matthew P. Minser, Saltzman & Johnson Law Corporation, 5100-B1 Clayton Road, Suite 373, Concord, CA 94521; email: mminser@sjlawcorp.com, copy to compliance@sjlawcorp.com

3

**JUDGMENT PURSUANT TO STIPULATION**
**Case No.: 3:22-cv-03537- TLT**

6. The requirements pursuant to the terms of this Stipulation are as follows:

a) **Monthly Payments**: Defendant shall conditionally pay the amount of **$354,977.66** representing all of the above amounts, less liquidated damages in the amount of **$65,535.24.** Payments shall begin on April 15, 2023, and continue on or before the 15th (fifteenth) day of each month thereafter **for a period of twenty-four (24) months** as follows:

i) The monthly payment amount will be **$7,000.00 per month** for the months April 2023 through September 2023;

ii) The monthly payment amount will be **$10,000.00 per month** for the months October 2023 through March 2024;

iii) The monthly payment amount beginning April 2024 will be the full amortized payment, based on the conditional balance due at that time, amortized over the twelve (12) months remaining in the payment plan. Defendants shall request this payment amount from the Trust Funds' Legal Counsel, Matthew P. Minser by April 1, 2024.

iv) Plaintiffs may require that Defendant pay electronically by ACH/wire transfer, or by cashier's check.

v) Defendants shall have the right to increase the monthly payments at any time and there is no penalty for prepayment.

vi) Payments shall be applied first to interest, at the rate of 10% per annum in accordance with the Bargaining Agreement(s) and Trust Agreements. Interest shall begin to accrue on February 9, 2023.

b) **Contributions:** Beginning with contributions due for hours worked by Defendant's employees during the month of February 2023, and for every month thereafter until this Judgment is satisfied, Defendants shall remain current in reporting and payment of contributions due to Plaintiffs under the terms of the Collective Bargaining Agreement(s).

c) **Job Report:** Beginning with work performed during the month of February 2023, and for every month thereafter, Defendants shall fully disclose all jobs on which they are working by providing Plaintiffs with fully completed job reports on the form attached hereto as *Exhibit A*. Upon

request by Plaintiffs, Defendants shall also provide Plaintiffs with copies of Certified Payroll Reports.

        d) **Audit:** If Defendants are signatory to the Union, or if an obligation for Defendants to contribute to the Plaintiff Trust Funds otherwise arises, then Defendants shall comply with the Trust Funds' request for an audit of Defendants' payroll records pursuant to the requirements of Defendants' Collective Bargaining and/or other related Agreement and/or the Plaintiffs' Trust Agreements, Defendants must contact the auditor within seven days of receiving notice, and must schedule the audit as requested. Defendants must fully comply with the audit by keeping the scheduled appointment for the audit and making all documentation requested by the auditor available for inspection.

        i) In the event that amounts are found due to Plaintiffs as a result of the audit, Plaintiffs shall send a copy of the audit report and written demand for payment to Defendants. In the event that the audit findings are not contested, payment in full shall be delivered to Matthew P. Minser at the address provided above within ten days of the date of the demand letter.

        ii) In the event that Defendants dispute the audit findings, Defendants must provide the dispute in writing, with all supporting documentation, within ten days of the date of the demand. Defendants shall be notified as to whether revisions will be made to the audit. If revisions are not made, payment in full of the amount requested in the above-described demand letter, plus additional interest, will be immediately due. If revisions are made, payment in full of the revised amount shall be immediately due. Plaintiffs shall send a revised written demand for payment to Defendants. Payment in full shall be delivered to Matthew P. Minser at the address provided above within ten days of the date of the demand letter.

        iii) If Defendants are unable to make payment in full, Defendants may submit a request to add the amounts found due to this Stipulation. If the Stipulation is so revised, Defendants shall execute the Amended Judgment or Amendment to Judgment within ten days of receipt. Failure to execute the revised agreement shall constitute a default of the terms herein.

        iv) Failure by Defendants to fully comply with the audit, and/or submit either payment in full or a request to add the amounts due to this Judgment within ten days of receipt shall

constitute a default of the obligations under this agreement. All amounts found due on audit shall immediately become part of this Judgment. Defendants stipulate that the Trust Funds may compel any outstanding documents needed to complete the audit by debtor's examination, post judgment discovery, or further court action.

e) **Fees:** Defendant shall pay all additional attorneys' fees and costs incurred through Satisfaction of Judgment, whether or not a default occurs.

7. In summary, Defendant shall deliver the following payments and documents to Plaintiffs, at the following locations, on or before the following delivery deadlines, until this Stipulation has been fully satisfied:

| **Required Submissions** | **Delivery deadlines[1]** | **Delivery locations** |
|---|---|---|
| **Stipulated payments in the amount of $7,000.00** payable to *Operating Engineers Trust Funds* | 15th day of each month (4/15/23 – 9/15/23) | Operating Engineers Trust Funds P.O. Box 3157 Hayward, CA  94540-3157 |
| **Stipulated payments in the amount of $10,000.00** payable to *Operating Engineers Trust Funds* | 15th day of each month (10/15/23 – 3/15/24) | Operating Engineers Trust Funds P.O. Box 3157 Hayward, CA  94540-3157 |
| **Stipulated payments, payable to *Operating Engineers Trust Funds*, in the fully amortized payment amount, based on the conditional balance due at that time, amortized over the twelve (12) months remaining in the payment plan. Defendants shall request this payment amount from the Trust Funds' Legal Counsel, Matthew P. Minser by April 1, 2024** | 15th day of each month (4/15/24 – 3/15/25) | Operating Engineers Trust Funds P.O. Box 3157 Hayward, CA  94540-3157 |
| **Current contribution reports and payments** payable to *Operating Engineers Trust Funds* | 15th day of each month (Beginning 3/15/23 for 2/23 hours) | Electronically, via Employer Edge Operating Engineers Trust Funds P.O. Box 3157 Hayward, CA  94540-3157  Plus, copies to: compliance@sjlawcorp.com |

---

[1] If the Stipulation has not been fully satisfied by 3/15/25, all monthly submission requirements shall continue until all amounts have been paid and a Satisfaction of Judgment has been filed with the Court.

6

**JUDGMENT PURSUANT TO STIPULATION**
Case No.:   3:22-cv-03537- TLT

| Required Submissions | Delivery deadlines[1] | Delivery locations |
|---|---|---|
| | | (subject: "Doc's Mobile contribution reports") |
| **Completed job reports** (form attached as Exhibit A to Stipulation) **and Certified Payroll** (if requested) | 15th day of each month (Beginning 3/15/23 for 2/23 hours) | compliance@sjlawcorp.com (subject: "Doc's Mobile Service") |

8. Failure to comply with any of the above terms, including submitting a payment that does not clear the bank, or failing to endorse a joint check provided for the payment of amounts due under the terms of this Stipulation including current contributions, shall constitute a default of the obligations under this Stipulation.

### DEFAULTS UNDER THE TERMS OF THIS STIPULATION

9. If default occurs, Plaintiffs shall make a written demand to Defendants to cure said default *within seven (7) days of the date of the notice from Plaintiffs*. In the event default is not cured within the required time frame, all amounts remaining due hereunder (after application of principal payments made, if any) shall be due and payable on demand by Plaintiffs. These amounts shall include any conditionally waived liquidated damages, additional (current) contributions/liquidated damages/interest, and additional attorney's fees and costs incurred herein.

10. Any unpaid or late-paid contributions, together with 20% liquidated damages and 10% per annum interest, shall become part of this Judgment. Plaintiffs reserve all rights available to collect any contributions and related amounts not included herein. This includes, but is not limited to, any amounts due pursuant to employee timecards or paystubs, by audit, or other means. Should Defendants fail to submit a report for any month, contributions shall be estimated pursuant to Trust Fund policy. Defendants specifically waives the defense of the doctrine *res judicata* as to any such additional amounts determined as due.

11. A Writ of Execution may be obtained without further notice, in the amount of the unpaid balance plus any additional amounts due under the terms herein. Such Writ of Execution may be obtained solely upon declaration by a duly authorized representative of Plaintiffs setting forth the balance due as of the date of default.

**MISCELLANEOUS PROVISIONS**

12. The above requirements remain in full force and effect regardless of whether Defendants have ongoing work, whether Defendants' account with the Trust Funds is active, or whether Defendants are signatory to a Collective Bargaining Agreement with the Union. If, for any reason, Defendants have no work to report during a given month, Defendants shall submit the job report form (Exhibit A attached hereto) indicating that there are no current jobs. If Defendants have no contributions to report, Defendants shall submit the applicable contribution report stating, "no employees."

13. Payments made by joint check shall be endorsed on behalf of Defendants prior to submission, and may be applied toward Defendants' monthly stipulated payment, provided that the issuer of the joint check is not requesting a release in exchange for the payment. Joint checks for which a release is requested may not be applied toward Defendants' monthly stipulated payment but shall be deducted from the total balance owed under this Stipulation, provided the payment is for contributions included in this Stipulation.

14. Prior to the last payment pursuant to this Stipulation, Plaintiffs shall advise Defendants as to the final amount due, including additional interest, any current contributions and related amounts and all additional attorneys' fees and costs incurred by Plaintiffs, whether Defendants defaults herein. Any additional amounts due shall be paid in full with the final stipulated payment due on March 15, 2025.

15. The conditional waiver of liquidated damages shall be presented to the Board of Trustees for consideration only after all amounts due under the terms of this Stipulation are paid in full, and Defendants' account is otherwise current. If the waiver is granted, a Satisfaction of Judgment will be filed with the Court once all payments have cleared the bank. If the waiver is not granted, the liquidated damages will be immediately due. The waiver may be granted with further conditions, such as paying timely and remaining current for an additional period of time.

16. Defendants waive any notice of Entry of Judgment or of any Request for a Writ of Execution, and expressly waive all rights to stay of execution and appeal.

17. Any failure on the part of Plaintiffs to take any action as provided herein in the event of any breach of the provisions of this Stipulation shall not be deemed a waiver of any subsequent breach.

18. Defendants/Guarantor have represented that they do not intend to file for Bankruptcy protection. In the event that Defendants/Guarantor file for Bankruptcy protection, Defendants/Guarantor specifically agree that the amounts due hereunder, which are employee benefits and related sums, shall not be dischargeable. Defendants/Guarantor agree to reaffirm this debt and will not request that the debt be discharged.

19. Should any provisions of this Stipulation be declared or determined by any court of competent jurisdiction to be illegal, invalid, or unenforceable, the legality, validity, and enforceability of the remaining parts, terms or provisions shall not be affected thereby and said illegal, unenforceable, or invalid part, term, or provisions shall be deemed not to be part of this Stipulation.

20. This Stipulation is limited to the agreement between the parties with respect to the unpaid and delinquent contributions and related sums enumerated herein, owed by Defendants to Plaintiffs. This Stipulation does not in any manner relate to withdrawal liability claims, if any. Defendant acknowledges that Plaintiffs expressly reserve their right to pursue withdrawal liability claims, if any, against Defendant and all of their control group members, as provided by Plaintiffs' Plan documents, Trust Agreements incorporated into their Bargaining Agreements, and applicable laws and regulations. The parties to this Stipulation understand and agree that nothing contained herein shall in any manner relate to or otherwise limit the obligations of Defendants with respect to the assessment and collection of withdrawal liability pursuant to 29 U.S.C. § 1381 et seq.

21. This Stipulation contains all of the terms agreed to by the parties and no other agreements have been made. Any changes to this Stipulation shall be effective only if made in writing and signed by all parties hereto.

22. This Stipulation may be executed in any number of counterparts and by facsimile, each of which shall be deemed an original and all of which shall constitute the same instrument.

23. Defendants/Guarantor represents and warrant that they have had the opportunity to be or have been represented by counsel of their own choosing in connection with entering this Stipulation under the terms and conditions set forth herein, that they have read this Stipulation with care and are fully aware of and represent that they enter into this Stipulation voluntarily and without duress.

24. The parties agree that the Court shall retain jurisdiction of this matter until this Judgment

DATED: March 9, 2023　　　　**DOC'S MOBILE SERVICE**

By: _____
Todd Johnson., General Partner of Defendant Doc's Mobile Service

DATED: March 9, 2023　　　　**TODD JOHNSON**

By: _____
Todd Johnson, an Individual and General Partner of Defendant Doc's Mobile Service

DATED: March 9, 2023　　　　**OPERATING ENGINEERS HEALTH AND WELFARE TRUST FUND FOR NOR. CAL., ET AL**

By: _____
Sonya Brown
Fringe Benefits Director for Operating Engineers Local 3 Trust Funds

**IT IS SO ORDERED. IT IS FURTHER ORDERED** that the Court shall retain jurisdiction over this matter.

DATED: March 16, 2023

_____
UNITED STATES ~~MAGISTRATE JUDGE~~/DISTRICT JUDGE

| Exhibit A: JOB REPORT FORM |
|---|
| Completed Forms Due by the 15th business day of each month by email to compliance@sjlawcorp.com (subject line: *Doc's Mobile Service*), <u>or</u> delivered to Saltzman & Johnson, 5100-B1 Clayton Road, Suite 373, Concord, CA 94521 |

**Employer: DOC'S MOBILE SERVICE**

Report for the month of _____, 20__  Submitted by: _____

| Project Name: | | **Public or Private?** (Circle one) | |
|---|---|---|---|
| Project Address: | | | |
| General Contractor: | | | |
| General Contractor Address: | | | |
| General Contractor Phone #: | | Project Manager Name: | |
| Project Manager Phone #: | | Project Manager email address: | |
| Contract #: | | Contract Date: | |
| Total Contract Value: | | | |
| Work Start Date: | | Work Completion Date: | |
| Project Bond #: | | Surety: | |

| Project Name: | | **Public or Private?** (Circle one) | |
|---|---|---|---|
| Project Address: | | | |
| General Contractor: | | | |
| General Contractor Address: | | | |
| General Contractor Phone #: | | Project Manager Name: | |
| Project Manager Phone #: | | Project Manager email address: | |
| Contract #: | | Contract Date: | |
| Total Contract Value: | | | |
| Work Start Date: | | Work Completion Date: | |
| Project Bond #: | | Surety: | |

***Attach additional sheets as necessary***

11

JUDGMENT PURSUANT TO STIPULATION
Case No.:  3:22-cv-03537- TLT